# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL DOUGHERTY | ) |
| Plaintiff, | ) Case No.: |
| vs. | ) **JURY TRIAL DEMANDED** |
| DORMONT MANUFACTURING COMPANY | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW**, Plaintiff, Michael Dougherty, by and through undersigned counsel, and for his Complaint against Dormont Manufacturing Company, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Michael Dougherty ("Plaintiff" or "Mr. Dougherty") is a resident and citizen of the State of Florida, and resides at 1235 Riding Rocks Lane, Punta Gorda, Florida.

2. Defendant, Dormont Manufacturing Company ("Dormont") is a Pennsylvania corporation, with its principal place of business in the State of Pennsylvania, engaged in the business of manufacturing and distributing, among other things, appliance connectors. Dormont is a citizen of Pennsylvania for purposes of diversity of jurisdiction.

3. Plaintiff originally filed this matter in the Circuit Court of Warren County, Missouri on February 14, 2012, within the relevant statute of limitations pursuant to Mo. Rev. Stat. § 516.120.

4. Plaintiff dismissed its cause of action in the Circuit Court of Warren County without prejudice on August 3, 2021.

5. Pursuant to the Missouri statute of limitations savings statute, Mo. Rev. Stat. § 516.230, Plaintiff has until August 3, 2022, to commence a new action because the statute provides a one-year grace period after dismissal of a cause of action without prejudice.

6. The Court is the proper venue for this action because, as alleged in greater detail below, the injury at issue in this action was suffered in Warren County, Missouri, which falls within the boundaries of the United States District Court, Eastern District of Missouri.

7. The amount in controversy exceeds $75,000, not counting interest and costs of court, because the damages suffered by Mr. Dougherty include the destruction of his home and personal property with a fair market value in excess of $75,000.

8. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of the parties and the amount in controversy exceeds $75,000.

9. The Court has personal jurisdiction over Defendant because, upon information and belief, Defendant sold the defective product at issue in this action in the State of Missouri.

## ALLEGATIONS COMMON TO ALL COUNTS

10. Michael Dougherty's Missouri home was located at 1445 Lake Sherwood Drive, Lake Sherwood, Warren County, Missouri.

11. A fireplace in Mr. Dougherty's home was connected to a propane gas tank with flexible stainless-steel gas appliance connectors (Hereinafter referred to as "Appliance Connectors" or "Appliance Connector") which were manufactured, distributed and placed into the stream of commerce by Dormont.

12. Dormont advertised, marketed, sold and placed into the stream of commerce Appliance Connectors for the purpose of connecting appliances, such as the fireplace installed in Mr. Dougherty's home, to propane tanks.

13. The Appliance Connectors were manufactured with a wall thickness that makes the connector susceptible to perforation when energized due to a lightning strike or other types of electrical events.

14. Due to the lack of wall thickness, the Appliance Connectors are unreasonably dangerous when put to their reasonably expected use.

15. Good practice dictates that during the design of a product, Dormont should have performed a failure modes effects analysis of the Appliance Connector before the products were sold to customers, to identify potential hazards of the product, including their susceptibility to perforation when energized due to a lightning strike or other types of electrical events.

16. Good practice dictates that once a hazard of a product is identified, Dormont should have redesigned the Appliance Connectors to eliminate any potential hazards, including their susceptibility to perforation when energized due to a lightning strike or other types of electrical events.

17. Good practice dictates that if the Appliance Connector could not have been redesigned to eliminate potential hazards, Dormont should have guarded against the hazard either physically or procedurally.

18. Good practice dictates that if the Appliance Connector could not have been redesigned, and procedural or physical guards could not be reasonably implemented to prevent potential hazards, Dormont should have warned consumers of the Appliance Connector of the

potential hazard, including their susceptibility to perforation when energized due to a lightning strike or other types of electrical events.

19. Dormont failed to design the Appliance Connectors free of any potential hazard, guard against potential hazards, or warn customers of potential hazards associated with the Appliance Connector.

20. On or around August 13, 2011, lightning struck near Plaintiff's residence.

21. The lightning strike resulted in an electric current which traveled along the fire pit onto an Appliance Connector connecting the fire pit to a gas shut-off valve.

22. The electric current then arced onto an Appliance Connector connecting the gas shut-off valve to the propane tank.

23. The electric current arc caused the Appliance Connector connected to the propane tank to perforate, and ignite the leaking gas, and nearby combustibles.

24. The fire damaged Mr. Dougherty's home and personal property contained therein, resulting in a total loss of the value of his home and personal property, and a loss of use of his home.

## COUNT I
### (Strict Liability: Defective Product)

25. Plaintiff re-alleges and incorporates by reference each and every preceding allegation as fully stated herein.

26. Dormont advertised, marketed, sold and placed into the stream of commerce Appliance Connectors for the purpose of connecting appliances, such as the fireplace installed in Mr. Dougherty's home, to propane tanks.

27. The Appliance Connectors, due to their lack of thickness, were then in a defective condition and unreasonably dangerous when put to a reasonably anticipated use.

4

28. The use of the Appliance Connectors in connecting the fireplace to the propane tank in Mr. Dougherty's home was reasonably anticipated by Dormont.

29. As a direct result of such a defective and unreasonably dangerous condition as existed when the Appliance Connectors were sold and installed in Plaintiff's home, Plaintiff's home and personal property sustained damage, resulting in a total loss of value to his home and personal property and a loss of use of his home.

WHEREFORE, Plaintiff requests this Court enter judgment in his favor and against Defendant Dormont Manufacturing Company, for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000), pre and post-judgment interest, for his costs and expenses herein, and for such further relief this court deems just and proper under the circumstances.

## COUNT II
**(Strict Liability: Failure to Warn)**

30. Plaintiff re-alleges and incorporates by reference each and every preceding allegation as fully stated herein.

31. Dormont advertised, marketed, sold and placed into the stream of commerce Appliance Connectors for the purpose of connecting appliances, such as the fireplace installed in Mr. Dougherty's home, to propane tanks.

32. The Appliance Connectors, due to their lack of thickness, were then in a defective condition and unreasonably dangerous when put to a reasonably anticipated use.

33. Defendant Dormont failed to properly and adequately warn Plaintiff of the dangers associated with their appliance connectors when used in a reasonably anticipated manner.

34. The use of the Appliance Connectors in connecting the fireplace to the propane tank in Mr. Dougherty's home was reasonably anticipated by Dormont.

35. As a direct result of the Appliance Connectors being sold without proper and adequate warnings of their defective and unreasonably dangerous condition, as existed when the Appliance Connectors were sold and installed in Plaintiff's home, Plaintiff's home and personal property sustained damage, resulting in a total loss of value to his home and personal property and a loss of use of his home.

WHEREFORE, Plaintiff requests this Court enter judgment in his favor and against Defendant Dormont Manufacturing Company, for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000), pre and post-judgment interest, for his costs and expenses herein, and for such further relief this court deems just and proper under the circumstances.

## COUNT III
### (Negligence: Defective Product)

36. Plaintiff re-alleges and incorporates by reference each and every preceding allegation as fully stated herein.

37. Dormont manufactured or designed the Appliance Connectors installed in Mr. Dougherty's home.

38. The Appliance Connectors, due to their lack of thickness, had a specific latent defect or hazard when put to a reasonably anticipated use.

39. Dormont knew that the Appliance Connectors would be used for the purpose of connecting appliances, including fireplaces, to propane tanks or gas supply lines.

40. Dormont knew, or should have known through the exercise of reasonable care and diligence that using the Appliance Connectors in a reasonably anticipated manner was unreasonably dangerous.

41. Dormont failed to use ordinary care to manufacture or design the product to be reasonably safe.

42. As a direct result of Dormont's failure to manufacture or design the Appliance Connectors to be reasonably safe, Plaintiff's home and personal property sustained damage, resulting in a total loss of value to his home and personal property and a loss of use of his home.

WHEREFORE, Plaintiff requests this Court enter judgment in his favor and against Defendant Dormont Manufacturing Company, for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000), pre and post-judgment interest, for his costs and expenses herein, and for such further relief this court deems just and proper under the circumstances.

## COUNT IV
### (Negligence: Failure to Warn)

43. Plaintiff re-alleges and incorporates by reference each and every preceding allegation as fully stated herein.

44. Dormont manufactured or designed the Appliance Connectors installed in Mr. Dougherty's home.

45. The Appliance Connectors, due to their lack of thickness, had a specific latent defect or hazard when put to a reasonably anticipated use.

46. Dormont knew that the Appliance Connectors would be used for the purpose of connecting appliances, including fireplaces, to propane tanks or gas supply lines.

47. Dormont knew, or should have known through the exercise of reasonable care and diligence that using the Appliance Connectors in a reasonably anticipated manner was unreasonably dangerous.

48. Dormont failed to use ordinary care to warn of the risk of harm associated with using the Appliance Connectors for the purpose of connecting fireplaces to propane tanks or gas supply lines.

49. As a direct result of Dormont's failure to adequately warn of the risk of harm associated with using the Appliance Connectors for the purpose of connecting fireplaces to propane tanks or gas supply lines, Plaintiff's home and personal property sustained damage, resulting in a total loss of value to his home and personal property and a loss of use of his home.

WHEREFORE, Plaintiff requests this Court enter judgment in his favor and against Defendant Dormont Manufacturing Company, for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000), pre and post-judgment interest, for his costs and expenses herein, and for such further relief this court deems just and proper under the circumstances.

**BROWN & JAMES, P.C.**

/s/ *Bradley R. Hansmann*
Russell F. Watters #25758
Bradley R. Hansmann # 53160
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
314-421-3400
314-421-3128 – Fax
rwatters@bjpc.com
bhansmann@bjpc.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

 I hereby certify that, on July 1, 2022, the foregoing pleading was filed with the Clerk of Court using the Court's electronic filing system and was served by operation of the same on the counsel of record for all parties to this action.

Mr. Jeffrey W. Laney
Ms. Robin L. Bullock
Haden, Cowherd & Bullock, LLC
2135 E. Sunshine, Suite 203
Springfield, MO 65804
jlaney@hcblawfirm.com

AND

Mr. H. Brook Laskey, *pro hac vice*
Mr. Daniel M. Hill, *pro hac vice*
Mr. Matthew R. Rosek, *pro hac vice*
McCoy Leavitt Laskey LLC
317 Commercial St. NE, Suite 200
Albuquerque, NM 87102
blaskey@mlllaw.com
dhill@mlllaw.com
mrosek@mlllaw.com

*Attorneys for Defendant*
*Dormont Manufacturing Company*

            /s/ *Bradley R. Hansmann*

#27753697.1