**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL DOUGHERTY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:22CV700 HEA** |
| | ) | |
| **DORMONT MANUFACTURING** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss [Doc. No. 10]. Plaintiff opposes the motion.  For the reasons set forth below, Plaintiff will be ordered to show cause how service was effectuated on Defendant.

### Background and Facts

Plaintiff Michael Dougherty filed this product liability action against Defendant Dormont Manufacturing Company for strict liability and negligence claims, alleging that Defendant's production and distribution of a defective product, specifically gas appliance connectors, and its subsequent failure to warn, which caused a fire in Plaintiff's house.

This lawsuit had been previously filed in the Circuit Court of Warren County, Missouri on February 14, 2012 and was subsequently dismissed by

Plaintiff on August 3, 2021. On July 1, 2022, Plaintiff filed this lawsuit pursuant to the Court's diversity jurisdiction and the Missouri's Savings Statute.

Defendants filed the instant motion to dismiss, arguing this case is barred by the applicable statute of limitations and that Plaintiff failed to properly serve Defendant.

Plaintiff's Complaint alleges, in pertinent part:[1]

Plaintiff is a resident and citizen of the State of Florida. Defendant is a Pennsylvania corporation, with its principal place of business in the State of Pennsylvania, engaged in the business of manufacturing and distributing, among other things, appliance connectors. Defendant is a citizen of Pennsylvania for purposes of diversity of jurisdiction.

Plaintiff originally filed this matter in the Circuit Court of Warren County, Missouri on February 14, 2012, within the relevant statute of limitations pursuant to Mo. Rev. Stat. § 516.120.

Plaintiff dismissed its cause of action in the Circuit Court of Warren County without prejudice on August 3, 2021. Pursuant to the Missouri statute of limitations savings statute, Mo. Rev. Stat. § 516.230, Plaintiff has until August 3,

---

[1] For purposes of this Order only, the allegations in the Complaint are taken as true. *McShane Constr. Co., LLC v. Gotham Ins. Co*., 867 F.3d 923, 927 (8th Cir. 2017). This in no way relieves the parties of the necessary proof thereof in any later proceedings.

2022, to commence a new action because the statute provides a one-year grace period after dismissal of a cause of action without prejudice.

The Court is the proper venue for this action because, as alleged in greater detail below, the injury at issue in this action was suffered in Warren County, Missouri, which falls within the boundaries of the United States District Court, Eastern District of Missouri.

The amount in controversy exceeds $75,000, not counting interest and costs of court, because the damages suffered by Plaintiff include the destruction of his home and personal property with a fair market value in excess of $75,000.

Plaintiff seeks judgment in his favor, including compensatory damages and attorneys' fees and costs.

## Standard of Review

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R .Civ. P. 8(a)(2). If a pleading fails to state a claim upon which relief can be granted, an opposing party may move to dismiss it. *See* Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St.*

*Charles*, 244 F.3d 623, 627 (8th Cir. 2001). This court "accepts as true the complaint's factual allegations and grants all reasonable inferences to the non-moving party." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (citations omitted). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

**Discussion**

Missouri Savings Statute

Defendants argue Plaintiff's cause of action filed on July 1, 2022 is time-barred because the statute of limitations is five years, and the property damage incident at issue occurred on August 13, 2011.

Defendant is correct that the applicable statute of limitations in Missouri is five years from the date of the occurrence. Mo. Rev. Stat. § 516.120. That statute provides in pertinent part that: "[a]n action for . . . injuring any goods or chattels, … or for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated" must be filed within five years. Mo. Rev. Stat. § 516.120(4). The five-year statute of limitations begins to accrue "when the

damage resulting therefrom is sustained and is capable of ascertainment." Mo. Rev. Stat. § 516.100.

However, under the Missouri Savings Statute, "[i]f any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit ... such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered ... Mo. Rev. Stat. § 516.230. "[A] litigant must meet three requirements in order for the savings statute to apply: (1) the original action must have been timely filed; (2) the second cause of action is the same as the first; and (3) the plaintiff suffered a nonsuit in the first cause of action." *Molder v. Trammell Crow Services, Inc.,* 309 S.W.3d 837, 841 (Mo. App. Ct. W.D. 2010). "Diligence is not a factor in determining when an action is commenced, nor is it necessary to invoke the savings statute, Section 516.230." *In re Estate of Klaas,* 8 S.W.3d 906 (Mo. App. Ct. S.D. 2000) (quotation omitted). A plaintiff may receive the benefit of the savings statute only once. *Britton v. Hamilton*, 740 S.W.2d 704, 705 (Mo. App. Ct. 1987).

A statute of limitations defense is typically an affirmative defense the defendant must plead and prove, but a party may file a Rule 12(b)(6) motion to dismiss if the "complaint itself establishes the defense." *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011). For the complaint to establish

the statute of limitation defense, it must be apparent from the complaint itself that it is time barred per the relevant limitations statute, and there are no facts alleged that prohibit operation of the limitation statute. *Varner v. Peterson Farms*, 371 F.3d 1011, 1017-18 (8th Cir. 2004)

Plaintiff's complaint alleges that on February 14, 2012, he originally filed this matter within the relevant statute of limitations in the Circuit Court of Warren County, Missouri, and dismissed its cause of action without prejudice. Plaintiff's complaint further alleges that pursuant to the Missouri statute of limitations Savings Statute, he had until August 3, 2022, to commence a new action because the statute provides a one-year grace period after dismissal of a cause of action without prejudice. Plaintiff filed this cause of action on July 1, 2022, which is within the one-year grace period allowed under the Missouri Savings Statute. It is not apparent from the Complaint itself that it is time barred per the relevant limitations statute and Missouri Saving Clause. *See Varner*, 371 at 1017-18. Therefore, the statute of limitations defense is not proper in a 12(b)(6) motion as Plaintiff's Complaint itself does not establish the defense. *Joyce*, 635 F.3d at 367. Defendant's Motion as to its first ground pursuant to the Missouri Savings Statute will be denied.

<u>Service</u>

Defendant next argues that Plaintiff failed to properly serve Defendant.

Federal Rule of Civil Procedure 4(h)(B) states that a party can properly serve a corporation by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." A person may be also served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

The procedure for serving a corporation under the Federal Rules and Missouri law are the same. *See Reed v. Cent. Transp., Inc.,* 2006 WL 3803674, at *2 (E.D. Mo. Nov. 22, 2006) ("Missouri law parallels the [Federal] service of process procedure permitted…which permits corporations to be served by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other authorized agent."). Pennsylvania law dictates service on a manager of a corporation to be "the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity." Pa. R. Civ. P. 424(2).

Federal Rule of Civil Procedure 12(b)(5) authorizes a motion to dismiss on grounds of insufficiency of service of process.

The Return of Service filed on September 7, 2022 indicates Defendant was served with the present lawsuit via service upon Manager Tara Rurak at 6015 Enterprise Drive Export, Pennsylvania 15632. *See* Doc. No. 7.  Based on the information provided to the Court, there is no way of knowing the precise nature of Ms. Rurak's authority and duties. It is unclear if she is an officer, director, or managing or general agent of Defendant, or a manager in charge of the business or activity of Defendant authorized by law to accept service of process for Defendant. The mere fact that Plaintiff asserts Ms. Rurak is designated as a "manager" does show that there was proper service under the Federal, Missouri or Pennsylvania rules. Plaintiff will be ordered to show cause how service was effectuated on Defendant. The Court will grant limited discovery within the scope of Federal Rule of Civil Procedure 4 for purposes of determining the issue of service.

## Conclusion

Based upon the foregoing analysis, Defendant's Motion to Dismiss as to its first ground pursuant to the Missouri Savings Statute will be denied. Defendant's motion as to its second ground pursuant to improper service will be held in abeyance subject to Plaintiff's ability to show cause how service was effectuated on Defendant.

Accordingly,

8

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss as to its first ground pursuant to the Missouri Savings Statute is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff is to show cause how service was effectuated on Defendant within fourteen (14) days of the date of this Order.

**IT IS FURTHER ORDERED** that limited discovery is granted within the scope of Federal Rule of Civil Procedure 4 for purposes of determining effectuation of service.

Dated this 11th  day of May, 2023.


_____
       HENRY EDWARD AUTREY
       UNITED STATES DISTRICT JUDGE