UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DOUGHERTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:22CV700 HEA |
| ) | |
| DORMONT MANUFACTURING ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**<u>OPINION, MEMORANDUM AND ORDER</u>**

This matter is before the Court on Defendant's Motion to Dismiss based on improper service [Doc. No. 10]. Plaintiff opposes the motion. For the reasons set forth below, Defendant's Motion will be denied.

Defendant filed the instant motion to dismiss, arguing this case is barred by the applicable statute of limitations pursuant to the Missouri Savings Statute (Ground One) and that Plaintiff failed to properly serve Defendant (Ground Two).

On May 11, 2023, the Court issued its Opinion, Memorandum and Order denying Defendant's Motion to Dismiss as to Ground One pursuant to the Missouri Savings Statute [Doc. No. 16]. As to Ground Two, the Court ordered Plaintiff to show cause how service was effectuated on Defendant.

Plaintiff subsequently, filed his response to the Court, and attached the Affidavit of Westmoreland County Deputy Sheriff Eric Sinclair (Exhibit A) and the Affidavit of Plaintiff's Attorney Bradley R. Hansmann (Exhibit B) to demonstrate proper service. Defendant filed its opposition.

**Standard of Review**

Federal Rule of Civil Procedure 4(h)(B) states that a party can properly serve a corporation by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." A person may be also served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

The procedure for serving a corporation under the Federal Rules and Missouri law are the same. *See Reed v. Cent. Transp., Inc.,* 2006 WL 3803674, at *2 (E.D. Mo. Nov. 22, 2006) ("Missouri law parallels the [Federal] service of process procedure permitted…which permits corporations to be served by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other authorized agent."). Pennsylvania law dictates service on a manager of a corporation to be "the manager, clerk or other person for the

2

time being in charge of any regular place of business or activity of the corporation or similar entity." Pa. R. Civ. P. 424(2).

## Discussion

Deputy Sheriff Sinclair states in his Affidavit that he served the "subject Complaint upon Manager Tara Rurak of Defendant Dormont Manufacturing Company…at 6015 Enterprise Drive, Export PA 15632 on August 24, 2022." Deputy Sheriff Sinclair, who has nearly forty years of law enforcement experience, explained in his Affidavit that "[u]pon effectuating service upon a corporation like [Defendant], it is [his] practice to ask for the manager or person in charge." Deputy Sheriff Sinclair then stated that after he makes contact with the manager, based on his nearly forty years of experience at the Sheriff's Office, he would have "asked Tara Rurak for her name and role before recording her responses on the Affidavit of Service."

The Return of Service filed on September 7, 2022 indicates that Defendant was served with the present lawsuit on August 24, 2022 via service upon Manager Tara Rurak at 6015 Enterprise Drive Export, Pennsylvania 15632 [Doc. No. 7].

The Affidavit of Attorney Hansmann attaches Manager Rurak's "LinkedIn" page, which indicates that she is "the Human Resource Manager at Watts Water Technologies and has been in that role since May of 2019." Attorney Hansmann's

Affidavit also attaches a screenshot from Watts Water Technologies' website reveals that Defendant is "A WATTS Brand."

Based on the additional facts provided by Plaintiff to establish Manager Rurak's role and duties for Defendant, the Court is now satisfied that proper service was effectuated on Defendant under the Federal, Missouri and Pennsylvania rules. The Court finds Manager Rurak is an officer, director, or managing or general agent of Defendant, or a manager in charge of the business or activity of Defendant authorized by law to accept service of process for Defendant.

## Conclusion

Based upon the foregoing analysis, the Court finds Plaintiff has effectuated service on Defendant. Therefore, the remaining issue regarding service raised in Ground Two of Defendant's Motion to Dismiss will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [Doc. No. 10] as to its second ground regarding service on Defendant is **DENIED.**

Dated this 10th day of July, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE